**So Ordered.**

**Dated: June 30th, 2016**



Frank L. Kurtz
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| IN RE: | |
|---|---|
| RANDALL L. HARPER, | Case No. 15-02500-FLK11 |
| Debtor. | **FINDINGS OF FACT & CONCLUSIONS OF LAW RE: FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN OF REORGANIZATION** |

**BAILEY BUSEY**
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT & CONCLUSIONS OF LAW** -1-

This matter came on for hearing on June 28, 2016 on Debtor's request for final approval of its Disclosure Statement **("Disclosure Statement")** (Docket No. 149) and confirmation of the Debtor's proposed Plan of Reorganization **("Plan")** (Docket No. 150).  The Court has considered the Declaration of Randall L. Harper as well as any testimony elicited at the confirmation hearing.  Based upon the evidence, the Court hereby finds and concludes as follows:

I. *Findings of Fact*

1. The Court has entered an order conditionally approving the Disclosure Statement (Docket No. 144).  In conditionally approving the Disclosure Statement, the Court found that the Disclosure Statement likely contained sufficient information and disclosure to allow creditors to make an informed decision about voting on the Debtor's Plan.  No objections to approval of the Disclosure Statement have been filed since it was conditionally approved.  The Court has re-evaluated the Disclosure Statement and confirms its finding that the Disclosure Statement contains adequate information to allow creditors to make an informed decision about voting on the Debtor's Plan.



**FINDINGS OF FACT & CONCLUSIONS OF LAW**   -2-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

2. The Debtor gave proper notice of its Plan and the hearing on confirmation of the Plan and final approval of the Disclosure Statement to creditors and parties in interest as required by applicable provisions of Bankruptcy law and Bankruptcy rules.

3. Class 2 – priority claims (**"IRS"**); Class 5 – secured claim of IRS; Class 6 – secured claim of Yakima County; Class 7 – secured claim of Financial Pacific; and Class 8 - general unsecured claimants were impaired under the Plan.

4. The Debtor has properly filed the Report of Balloting (Docket No. 184), indicating that all ballots received from Class 6 & 7 accepted the Plan. Although the Report of Balloting indicated that the majority of Class 8 claimants who filed a ballot rejected the Plan, the Debtor has submitted that certain Stipulation Between Debtor, the Unsecured Creditors' Committee, and Certain General Unsecured Claimants ("**Stipulation**") [Docket No. 192] in which the majority of the Class 8 Claimants that timely submitted a ballot have now accepted the Plan.

FINDINGS OF FACT &
CONCLUSIONS OF LAW           -3-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

5. The Plan, as amended by the Stipulation, has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.

6. The Plan, as amended by the Stipulation, complies with all provisions of Title 11 of the United States Code as well as other applicable law.

7. The Plan, as amended by the Stipulation, has been proposed in good faith and not by any means forbidden by law.

8. All payments made or promised by the Debtor under the Plan, as amended by the Stipulation, for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court. No party is issuing securities or acquiring property under the Plan.

9. After confirmation of the Plan, as amended by the Stipulation, Randall L. Harper will continue to manage the business operations of the Debtor and receive a salary as provided by the Plan, as amended by the Stipulation.

FINDINGS OF FACT &
CONCLUSIONS OF LAW    -4-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

15-02500-FLK11    Doc 206    Filed 06/30/16    Entered 06/30/16 14:07:38    Pg 4 of 11

10. The retention of Randall L. Harper to manage the business operations of the Debtor is in the best interests of the Debtor, the Estate and creditors because current management has demonstrated that they can profitably run the Debtor's business in a way which is likely to result in Plan payments being made.

11. Liquidation of the Debtor would likely result in a shortfall in payment to the Class 2 claimants, meaning that in a chapter 7 liquidation no funds would be available for distribution to Class 8 Unsecured creditors. Under the Plan, as amended by the Stipulation, Class 8 Unsecured Creditors are receiving payments of one hundred percent (100%) of the principal amount of their allowed claims, with interest.

12. The sole objection to the Plan, as amended by the Stipulation, timely or otherwise, has been withdrawn.

13. With respect to the impaired classes under the Plan, as amended by the Stipulation, each holder of a claim in such class has either: (a) accepted the Plan; or (b) will receive greater distributions under the Plan than if the case were converted to a case under chapter 7 of the Bankruptcy Code.

FINDINGS OF FACT & CONCLUSIONS OF LAW -5-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

15-02500-FLK11    Doc 206    Filed 06/30/16    Entered 06/30/16 14:07:38    Pg 5 of 11

14. Classes 1, 3, 4, and 9 are unimpaired or not entitled to vote on the Plan.

15. Class 2 constitutes the priority tax claims of certain governmental entities. The Plan, as amended by the Stipulation, provides for payment of the amount of the Class 2 claims in regular installments over a period no greater than five (5) years from the effective date of the Plan. The payments called for by the Plan will provide Class 2 claimants with a total value, as of the effective date of the Plan, equal to the allowed amount of such claims. The Plan calls for the payment of interest on such Class 2 claims in the amount provided for by applicable law. Payments to the Class 2 claimants under the Plan are upon terms no less favorable than those to any other non-priority unsecured creditor.

16. The Debtor's operations during the course of the case (as evidenced by the Debtor's monthly operating statements on file with the Court), together with the Debtor's projections for post-confirmation payments contained in the Disclosure Statement demonstrate that confirmation of the Debtor's Plan, as amended by the Stipulation, is not likely to be followed by liquidation or the need for further financial reorganization.

FINDINGS OF FACT &
CONCLUSIONS OF LAW    -6-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

15-02500-FLK11    Doc 206    Filed 06/30/16    Entered 06/30/16 14:07:38    Pg 6 of 11

17. The Plan provides for the payment of all United States Trustee fees payable under 28 U.S.C. §1930.

18. All payments to insiders during the course of the case have been disclosed.

19. The Effective Date of the Plan, as amended by the Stipulation, is the day that is fourteen (14) days after the date the order confirming the Plan is entered.

20. Substantial Consummation of the Plan, as amended by the Stipulation, will occur upon the first payment to unsecured creditors being made in accordance with the terms of the Plan.

II. *Conclusions of Law*

Based upon the foregoing findings of fact, the pleadings filed in this case and the testimony provided at the confirmation hearing, the Court concludes that:

A. The requirements for confirmation of the Plan, as amended by the Stipulation, imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. §1129 have been met.

FINDINGS OF FACT &
CONCLUSIONS OF LAW                -7-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

15-02500-FLK11    Doc 206    Filed 06/30/16    Entered 06/30/16 14:07:38    Pg 7 of 11

B. The requirements for approval of the Disclosure Statement imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. §1125 have been met. The Disclosure Statement contains adequate information as required by 11 U.S.C. §1125.

C. The Disclosure Statement should be approved.

D. The Plan, as amended by the Stipulation, should be confirmed.

E. To the extent that the above entered findings of fact are, in fact, conclusions of law, such findings are hereby incorporated into these conclusions of law and should be denominated as such.

F. The provisions of Chapter 11 have been complied with and the Plan, as amended by the Stipulation, has been proposed in good faith and not by means forbidden by law.

G. Any and all payments for which Bankruptcy Court approval is required, including authorization required by 11 U.S.C. §§327 and 330, shall remain subject to Bankruptcy Court approval notwithstanding confirmation of the Plan, as amended by the Stipulation.

**FINDINGS OF FACT &**
**CONCLUSIONS OF LAW** -8-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

H. The Debtor has disclosed the identity and affiliations of all parties who are to serve as officers and directors under the Plan, as amended by the Stipulation. The Debtor has disclosed the identity of all insiders who will be paid a salary or consulting fees under the Plan, as amended by the Stipulation. The Debtor's disclosures satisfy the requirements of 11 U.S.C. §1129(a)(5).

I. No governmental regulatory commission is required to approve the Plan or the terms of the Plan.

J. The Debtor's Plan, as amended by the Stipulation, satisfies the requirements of 11 U.S.C. §1129(a)(7) in that an impaired class (Classes 6, 7 & 8) has accepted the Plan. Each member of the impaired classes will receive value, as of the effective date of the plan, that is not less than the amount such claimant would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

K. All impaired classes under the Plan, as amended by the Stipulation, have accepted the Plan or will receive payments of a value equal to the allowed principal amount of its claim.

L. Administrative Claims described by 11 U.S.C. §503(b) and 11 U.S.C. §507(a)(2) are provided for as required by 11 U.S.C. §1129(a)(9).

FINDINGS OF FACT &
CONCLUSIONS OF LAW     -9-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

15-02500-FLK11    Doc 206    Filed 06/30/16    Entered 06/30/16 14:07:38    Pg 9 of 11

M. Priority claims (Class 2) are provided for as required by law.

N. An impaired claim – Classes 6, 7 & 8 - has accepted the Plan and the Plan, as amended by the Stipulation, therefore meets the requirements of 11 U.S.C. §1129(a)(10).

O. Confirmation of the Plan, as amended by the Stipulation, is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.

P. The Effective Date of the Plan, as amended by the Stipulation, will be the date that is fourteen (14) days following entry of the order of confirmation.

Q. Substantial confirmation of the Plan, as amended by the Stipulation, will occur only upon making the first payment to Class 8 unsecured creditors as required by the Plan, as amended by the Stipulation.



FINDINGS OF FACT &
CONCLUSIONS OF LAW              -10-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

R. Creditors and parties in interest were given notice of the confirmation hearing and no objections thereto were made, or if made, have been withdrawn, resolved or overruled.

/ / /     End of Order     / / /

_/s/ Joshua J. Busey_
Joshua J. Busey (WSBA 34312)
Bailey & Busey PLLC
Counsel for Elite Nursing, PLLC

\\Diane-pc1\e\USB 3.0 PC Card Adapter\HARPER, R-125\Bankruptcy-2015004\Pleadings\Plan Disclosure Statement\Findings of Fact & Conclusions of Law - 062116 Harper.doc

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**      -11-



411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282